**This document was signed electronically on September 29, 2017, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: September 29, 2017**



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case No. 15-52933 |
| JAMES RONALD BURNS, | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) Adversary Proceeding No. 16-05025 |
| | ) |
| | ) |
| ELIZABETH DUERR, | ) Judge Alan M. Koschik |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES RONALD BURNS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM DECISION ON DEFENDANT'S
### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Debtor-defendant James Ronald Burns (the "Defendant") has filed a motion to dismiss

(Docket No. 7) (the "Motion") the complaint (the "Complaint") of Plaintiff Elizabeth Duerr (the

"Plaintiff") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. For the reasons set forth herein, the Motion will be granted in part and denied in part. While the Complaint was not separated into distinct counts, the Motion will be granted and the Complaint dismissed, with leave to amend, to the extent it seeks a nondischargeable judgment on the basis of 11 U.S.C. § 523(a)(2)(A). The Motion will be denied to the extent it seeks to dismiss the portions of the Complaint seeking a nondischargeable judgment on the bases of 11 U.S.C. § 523(a)(4) and (6).

## JURISDICTION AND VENUE

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. Venue is proper pursuant to 28 U.S.C. § 1409(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## FACTUAL AND PROCEDURAL HISTORY

Because this matter is before the Court on a Rule 12 motion filed prior to a responsive pleading from the Defendant, the factual record is thin. The Court will, as it must on a motion to dismiss for failure to state a claim, accept as true all factual allegations made in the Complaint and construe those allegations in the light most favorable to the Plaintiff. *See* Section A, *infra*, at 5-6.

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 7, 2015. In his Schedule F, filed December 15, 2015, he scheduled a debt to Plaintiff described as a debt for a "construction contract" and listed the debt as contingent, unliquidated, and disputed.

On March 29, 2016, the Plaintiff filed her Complaint commencing this adversary proceeding.[1] In her Complaint, the Plaintiff alleges that on May 5, 2014, she contracted with the Defendant to pay him $92,000 to construct a barn on her property. The contract required a substantial down payment of $55,000, which the Defendant required Plaintiff to pay in multiple checks all drafted on the same day—six in the amount of $9,000, and a seventh in the amount of $1,000. After a series of change orders between July 1, 2014, and December 17, 2014, the Plaintiff had paid the Defendant a grand total of $160,389.45, while the structure remained incomplete. The Plaintiff was forced to pay other contractors and subcontractors out of pocket to complete the work.

In the course of the Defendant's work on the project, he ordered materials from Carter Jones Lumber. However, instead of using the funds paid by the Plaintiff on account of her contract, the Defendant instead purchased the materials on credit and had them delivered to the Plaintiff's property. When it was not paid for the materials, Carter Jones Lumber recorded a mechanic's lien against the Plaintiff's property.

After purchasing the materials, the Defendant removed large amounts of those building materials from the construction site. The Complaint does not specify the ultimate disposition of the removed materials or what portion of the materials delivered to the job site later vanished. However, the materials removed from the premises did include four generators valued at $1391 and an extension ladder valued at $249.

The Complaint's prayer for relief ultimately requests that the Court determine that the damages owed to Plaintiff by the Defendant total $128,706.88, plus the amount of $23,317

---

[1] On the same date, two other adversary proceedings were filed by other plaintiffs, each represented by the same attorney representing the Plaintiff in this proceeding: *Jones v. Burns*, Bankr. N.D. Ohio Adv. No. 16-5024, and *Fritz v. Burns*, Bankr. N.D. Ohio Adv. No. 16-5026. The three complaints assert substantially identical legal theories on alleged facts that bear some similarity to each other.

representing the mechanic's lien wrongfully imposed on the Plaintiff's property as a result of the Defendant's actions. The Complaint seeks a determination that the damages are nondischargeable under Section 523(a)(2),[2] (4), and/or (6) of the Bankruptcy Code. The prayer for relief further asks that the Carter Jones mechanic's lien be released from the Plaintiff's property, despite the fact that Carter Jones is not named as a defendant.

In his Motion, the Defendant argues, with respect to the Plaintiff's argument for nondischargeability based on fraud or false pretenses pursuant to Section 523(a)(2) of the Bankruptcy Code, that the Plaintiff failed to plead fraud with the level of particularity required by Rule 9 of the Federal Rules of Civil Procedure and Rule 7009 of the Federal Rules of Bankruptcy Procedure. He further argues that the Plaintiff has failed to allege a claim for fraud or defalcation by a fiduciary, embezzlement, or larceny under Section 523(a)(4) because the Defendant never had a fiduciary relationship with the Plaintiff. He finally argues that the Plaintiff failed to state a claim under Sections 523(a)(4) and (6) for embezzlement, larceny, and willful and malicious injury because the Plaintiff's allegations under those sections are identical to the fraud claim, which is already addressed by Section 523(a)(2), and therefore could not support separate claims under Sections 523(a)(4) and (6).

The Plaintiff filed her response to the Motion on May 27, 2016 (Docket No. 13) (the "Response"). In her Response, she argues that the Complaint set forth the relevant facts with sufficient particularity, although the Response contains factual elaboration significantly more

---

[2] The Complaint, which lacks the organization of separate counts advancing distinct theories for nondischargeability, is far from clear as to which portions of Sections 523(a)(2), (4), and (6) it relies. With respect to Section 523(a)(2), the Court presumes the Complaint is limited to subparagraph (a)(2)(A), as the other subparagraphs do not appear to be remotely applicable. The Court further presumes, for the purposes of this Memorandum Decision, that the Plaintiffs' sole theory under Section 523(a)(2)(A) is that of actual fraud. However, the Plaintiffs' Response may suggest theories under the other parts of that subparagraph, such as false pretenses, that may have other elements. To the extent that the Plaintiffs desire to pursue these theories, they need to be clear and specific when amending their Complaint, as permitted by the Court in this Memorandum Decision and the Order to be entered consistent with it.

detailed and particular than does the Complaint.  The Plaintiff also argues in her Response that the facts as pled, accepted as true, would support nondischargeability on the basis of Sections 523(a)(4) or (a)(6) of the Bankruptcy Code as well.

The Court held a pretrial conference in this adversary proceeding on June 8, 2016.  At that pretrial, both parties indicated that they had already briefed the issue as thoroughly as they intended, and neither party requested any opportunity to submit supplemental briefs in support of their position.  The parties did not request, and the Court did not schedule, oral argument on the Motion.  The parties agreed that the Motion could be decided on the filings already submitted.  The Court took the matter under advisement.

## LEGAL ANALYSIS

A.   **Standard for Motions to Dismiss Under Civil Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6), incorporated into bankruptcy practice by Federal Rule of Bankruptcy Procedure 7012(b), allows a party to move to dismiss a pleading for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.E.2d. 868 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S.C. 544, 570, 127 S.Ct. 1955 167 L.Ed.2d 929 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "If the plaintiffs do not nudge their claims across the line from conceivable to plausible, their complaint must be dismissed."  *In re City of Detroit, Michigan*, 841 F.3d 684, 699 (6th Cir. 2016) (quoting *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013).  "On the other hand, when considering a Rule 12(b)(6) motion

to dismiss, the trial court must 'construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.'" *Adkisson v. Jacobs Engineering Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015) (quoting *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014)).

Federal Rule of Civil Procedure 9(b), incorporated into bankruptcy practice by Federal Rule of Bankruptcy Procedure 7009, requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

**B.     The Complaint's Allegations of Fraud Were Not Sufficiently Particular to Satisfy Civil Rule 9(b).**

The Complaint alleges that the Defendant's debts to the Plaintiff are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which provides that a debt is not discharged in bankruptcy if it is a debt "for money, property, services, or any extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." *Id.* In order to except a debt from discharge under 11 U.S.C. § 523(a)(2)(A),[3] a creditor must prove that (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) that reliance was the promixate cause of loss. *Rembert v. AT & T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998).

To satisfy Rule 9(b) when pleading fraud, a plaintiff must generally (1) specify the time, place, and content of the alleged misrepresentation; (2) identify the fraudulent scheme and the fraudulent intent of the defendant; and (3) describe the injury resulting from the fraud. *SFS*

---

[3] *See* footnote 2, *supra*.

*Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 358 (6th Cir. 2014). The purposes of this rule are (1) to alert defendants to the particulars of the allegations against them so they can intelligently respond; (2) to prevent "fishing expeditions"; (3) to protect defendants' reputations against fraud allegations; and (4) to whittle down potentially wide-ranging discovery to only relevant matters. *Id.*

The Court concludes that the Plaintiff has not pled sufficient particularity to put the Defendant on notice of the conduct and statements alleged to be fraudulent. The only thing approaching a particular intentional misrepresentation alleged in the Complaint is that "instead of using the monies that he received from the Plaintiff that [Defendant] specifically represented he needed to purchase materials, he took the money and then charged the materials that were delivered to Plaintiff's property." (Compl. ¶ 6.) In addition to lacking any detail about the time and place of the alleged misrepresentation, this lacks sufficient specificity with respect to the content as well.

The Plaintiff's Response attempts to cure this lack of detail by setting forth a litany of more specific facts about the history of the parties' business relationship. However, the Plaintiff did not amend her actual pleading—the Complaint—pursuant to Rule 15(a)(1)(B), which allows for amendments to pleadings as of right within 21 days after service of a Rule 12(b) motion, Fed. R. Civ. P. 15(a)(1)(B), nor seek leave to amend thereafter. Rule 15 is the proper procedure for bringing additional factual allegations into the pleadings. The Response is not, since it does not afford the opposing party the opportunity to plead in response pursuant to Rule 8 nor to make a separate motion in response pursuant to Rule 12.

Moreover, many of the new facts that the Response attempts to introduce do not speak to the time, place, or content of the Defendant's allegedly fraudulent misrepresentations, instead

7

focusing on the payments that Plaintiff made. While those details may be relevant to the Plaintiff's case as a whole, they do not speak to the heightened pleading standard for fraud in Rule 9(b); allegations that the Plaintiff paid and the Defendant did not perform do not in and of themselves distinguish the allegations in the Complaint from those in a dischargeable breach of contract claim.

However, the Plaintiff has pled sufficient facts in her Complaint, and described additional facts in her Response, for the Court to conclude that she may be able to allege sufficient facts to support a claim in an amended pleading. Therefore, there is cause to grant the Plaintiff leave to amend her Complaint. Pursuant to Civil Rule 15(a)(2), incorporated into bankruptcy practice by Bankruptcy Rule 7015, "a party may amend its pleading … with … the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Based on the information provided so far in the Response, it appears at least possible that an amended complaint could sufficiently allege that the Defendant made specific misrepresentations to the Plaintiff that she justifiably relied upon in parting with her money, or other theories available under Section 523(a)(2).

**C.  The Motion Is Denied With Respect to the Complaint's Allegations Pursuant to 11 U.S.C. § 523(a)(4).**

The Bankruptcy Code also provides that a discharge does not discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Complaint is not specific as to which of these three separate theories of nondischargeability under Section 523(a)(4) the Plaintiff alleges.

However, at no point does the Complaint allege that a fiduciary relationship or trust existed between the Plaintiff and Defendant, which is a requirement of the first available theory under Section 523(a)(4): fraud or defalcation while acting in a fiduciary capacity. Indeed, in her

8

Response, the Plantiff appears to concede that the first theory of Section 523(a)(4)—fraud or defalcation—requires a trust relationship. (Resp. at 16.) Therefore, the Court presumes that the Plaintiff is not advancing this theory—and to the extent that the Plaintiff ever intended to do so, the Complaint has failed to state a cause of action for fiduciary fraud or defalcation and will be dismissed to that extent.

However, proof of a fiduciary relationship is not necessary in order to prevail on an embezzlement claim. *Peavey Electronics Corp. v. Sinchak (In re Sinchak)*, 109 B.R. 273, 276 (Bankr. N.D. Ohio 1990); *Citik Ka Wah Bank v. Wong (In re Wong)*, 291 B.R. 266, 279 (Bankr S.D.N.Y. 2003) (citations omitted). Federal law defines embezzlement under Section 523(a)(4) as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it is lawfully come." *Brady v. McCallister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996). A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud. *Id.* at 1173. However, a creditor need not prove a specific misrepresentation or reliance on that misrepresentation to prove that the "circumstances indicate fraud;" "a creditor may establish circumstances indicating a debtor's fraudulent intent, even if the debtor did not make a misrepresentation or misleading omission on which the creditor relied." *Cash Am. Fin. Servs., Inc. v. Fox (In re Fox)*, 370 B.R. 104, 116 (B.A.P. 6th Cir. 2007). Since no misrepresentation is required, requiring a plaintiff creditor to specify the time, place, and content of such a misrepresentation, *see SFS Check, supra*, is similarly inappropriate. The inquiry under the embezzlement analysis of Section 523(a)(4) into whether the "circumstances indicate fraud" is thus primarily one about the debtor's fraudulent *intent*. *See Wong* at 279-80. Under Rule 9(b), "malice, intent, knowledge, and other conditions

9

of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The elements of fraud that Rule 9(b) requires to be pled with particularity—the "circumstances constituting fraud or mistake"—are not part of the embezzlement analysis under Section 523(a)(4).

The Complaint alleges that the Defendant lawfully obtained money from the Plaintiff for the specific purpose of performing work and also purchasing certain materials, but instead used that money for other purposes and purchased all or part of the materials on credit, exposing the Plaintiff's property to a mechanic's lien by having the materials delivered and then not paying the supplier. Under the general pleading standard, this is sufficient to state a cause of action for embezzlement. Following discovery, the actual facts could be shown to be otherwise—the funds might have been a general deposit or advance for the work and not specifically entrusted for the sole purpose of procuring materials, for example. However, at this stage of the pleadings, the Court must accept the allegations in the Complaint as true, and the embezzlement claim survives on that basis.

The Complaint also adequately pleads a cause of action for nondischargeability on the basis of larceny, which is a separate theory of nondischargeability under 11 U.S.C. § 523(a)(4). "For purposes of section 523(a)(4), a bankruptcy court is not bound by the state law definition of larceny but, rather, may follow federal common law, which defines larceny as a 'felonious taking of another's personal property with intent to convert it or deprive the owner of the same.'" *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1205 (9th Cir. 2010). The intent required is "fraud in fact, involving moral turpitude or intentional wrong." *Fox*, 370 B.R. at 116. It may be established by circumstances demonstrating an intent to permanently deprive another of his property. *Id.* at 117.

At least one bankruptcy court in this circuit has held that a debt could be nondischargeable on the basis of larceny when the debtor-defendant construction contractor knowingly and intentionally converted and used building materials from the plaintiffs' residence in other construction projects without giving proper credit. *See Dean v. Hunter (In re Hunter)*, 484 B.R. 721 (Bankr E.D. Tenn. 2012).

The substance of the allegations regarding the building materials in this case are similar: the Plaintiff alleges that the building materials purchased with the Plaintiff's money were intentionally removed from the Plaintiff's property and converted by the Defendant to other uses. Again, the actual facts following discovery could be shown to be otherwise—the Plaintiff might not in fact have had an interest in the building materials capable of being converted, for example. However, again, at this stage of the proceedings, the Plaintiff has alleged facts that, if proven true, would entitle Plaintiff to judgment in her favor, thus surviving a motion to dismiss.

**D.     Viewed in the Light Most Favorable to the Plaintiff, the Complaint Alleges Facts Sufficient to Show Willful and Malicious Injury Under 11 U.S.C. § 523(a)(6).**

The Bankruptcy Code also provides that a discharge, at least in a chapter 7 case such as the Defendant's, does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The word "willful" modifies the word "injury," indicating that nondischargeability pursuant to Section 523(a)(6) takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. *Kawaahau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L.Ed.2d 90 (1998). The statutory formulation "triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts." *Id.*

Willful and malicious injury can include conversion. *See Ormsby*, *supra* (involving employee's conversion of former employer's property to use at a subsequent employer's

11

business); *Steier v. Best (In re Best)*, 109 Fed. Appx. 1, 4 (6th Cir. 2004) (itemizing many "types of misconduct that satisfy the willful and malicious injury standard," including conversion). However, courts are "hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law," *Kawaahau* at 62, and in this case in particular, much of the conduct alleged that could conceivably state a cause of action for conversion is more appropriately analyzed as potential embezzlement or larceny as discussed above.

The Plaintiff does allege one form of intentional conduct, however, that could be separate from embezzlement or larceny but nevertheless willful and malicious injury to the Plaintiff's property. The Plaintiff alleges that the Defendant's intentional acts resulted in Carter Jones Lumber placing a mechanic's lien on the Plaintiff's property. The Complaint is short on specifics as to how this happened or how the Plaintiff believes it to have happened. The underlying facts may be substantially the same as the ones that the Plaintiff alleges amount to embezzlement or larceny. However, viewed in the light most favorable to the Plaintiff, these actions could also amount to a willful and malicious injury other than embezzlement or larceny. For these reasons, the portion of the Complaint alleging nondischargeability on the basis of willful and malicious injury survives the Defendant's Motion.

## CONCLUSION

The Plaintiff has not alleged fraud with sufficient particularly under Rule 9(b) to state a claim for nondischargeability on the basis of fraud under 11 U.S.C. § 523(a)(2). However, the facts alleged in the Complaint and suggested by the Plaintiff's Response warrant granting the Plaintiff leave to amend her complaint pursuant to Rule 15(a)(2). The Court's order on the Motion will dismiss the Complaint to the extent it seeks a nondischargeable judgment under 11

U.S.C. § 523(a)(2), but will grant the Plaintiff leave to amend her complaint within 28 days. Pursuant to Rule 15(a)(3), the Defendant will have 14 days after service of the amended pleading to respond.

The Plaintiff has not alleged defalcation as a fiduciary under 11 U.S.C. § 523(a)(4), but has alleged facts that would establish a basis for nondischargeability on the bases of embezzlement and/or larceny under 11 U.S.C. § 523(a)(4). The Motion will therefore be denied to the extent it seeks to dismiss the part of the Complaint seeking nondischargeability on those two bases.

Construing the allegations in the Complaint in the light most favorable to the Plaintiff, she has also made sufficient allegations of willful and malicious injury under 11 U.S.C. § 523(a)(6) to survive the Defendant's motion to dismiss as well.

The Court will enter a separate order granting in part and denying in part the Defendant's Motion to Dimiss consistent with this Memorandum Decision. The Court's Order granting in part and denying in part the Motion to Dismiss, and granting the Plaintiff leave to amend her Complaint, will not be deemed entered until the separate Order has been docketed by the Clerk.

# # #